

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30246 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-00222-BLW |
| v. | |
| RANDY TED JORDAN, | MEMORANDUM[*] |
| Defendant-Appellant, | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Randy Ted Jordan appeals from the district court's judgment and challenges

the 120-month-sentence imposed following his guilty-plea conviction for two

---

[*] This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).  Jordan's request for oral argument is,
therefore, denied.

counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Jordan contends that the district court procedurally erred by giving improper consideration to dismissed counts, relying on clearly erroneous facts, and failing to explain adequately the sentence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and there was no error. Contrary to Jordan's contention, the district court did not consider dismissed counts as relevant conduct under U.S.S.G. § 1B1.3; rather, the district court departed upward under U.S.S.G. § 5K1.21. The record further reflects that the district court thoroughly explained its reasons for imposing the above-Guidelines sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, the court's characterization of Jordan's criminal history as violent was not clearly erroneous. *See United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010) ("A finding is clearly erroneous if it is illogical, implausible, or without support in the record.").

Jordan next contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Jordan's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality

of the circumstances, including Jordan's lengthy criminal history and the need to protect the public. *See Gall*, 552 U.S. at 51.

Finally, the district court was not obligated to impose a within-Guidelines sentence as a result of accepting the plea agreement. *See* Fed. R. Crim. P. 11(c)(1)(B); *United States v. Graibe*, 946 F.2d 1428, 1432 (9th Cir. 1991).

**AFFIRMED.**

15-30246